NICHOLAS TRUTANICH
United States Attorney
District of Nevada

ANNA G. KAMINSKA
BLAKE C. GOEBEL
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 307-0321
Anna.Kaminska@usdoj.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) 2:13-cr-00439-LDG-VCF-4 |
| vs. | ) JOINT COMPLEX CASE |
| SEAN FINN, | ) SCHEDULE |
| Defendant. | ) |

Pursuant to LCR 16-1 of the Local Rules of Practice for the District of Nevada, the government, by and through its undersigned attorneys, and defendant Sean Finn, by and through his undersigned counsel, submit this Joint Proposed Complex Case Schedule.

### STATEMENT OF INTENT

The purpose of the Proposed Complex Case Schedule is to provide a predictable framework for pretrial disclosure of information, to establish a method for resolution of discovery disputes without the need for Court intervention, and to provide a means for the well-informed and efficient resolution of cases. This Joint Proposed Complex Case Schedule is not intended to create remedies not otherwise available to the parties under the U.S. Constitution, statute, or the Federal Rules of

1

Criminal Procedure. Nor is it intended to serve as a basis for allegations of misconduct or other claims for relief.

## BACKGROUND

The indictment in this case, which was returned on December 11, 2013, alleges that six defendants perpetrated a fraudulent investment scheme and charges the offenses of conspiracy, wire fraud, and securities fraud. (Dkt. #1.) Three of the defendants—Anthony Brandel, Joseph Micelli, and James Warras—were convicted in 2015 and are currently serving their sentences. (Dkt. #189, 215, 262, 288, 291.) In March 2014, Mr. Finn was arrested in Canada and is presently being detained in this district following his extradition. (Dkt. #386, 390.) The remaining defendants—Martin Schlaepfer and Hans-Jurg Lips—are Swiss nationals who are believed to be residing in Switzerland.

## DISCOVERY SCHEDULE

A. Productions to date.

As of this filing, the government has made productions of discovery to Mr. Finn comprised of approximately 168,436 documents (reflecting approximately 481,097 pages), which represents the substantial majority of the government's discovery in this case. The United States produced these materials in electronically searchable files and in load-ready format. The government's production includes, among other materials, Jencks material, FBI 302 reports, bank records, and documents provided by investors, with the bulk of the materials being emails and their attachments seized from the defendants' email accounts pursuant to search warrants, as well as other electronic evidence seized from Messrs. Brandel's and Warras's computers. In order to facilitate Mr. Finn's review of these materials, the government also provided (1) a global index itemizing the contents of the production, which reflects each type of document and the corresponding Bates range where it appears; (2) an index identifying each custodian that produced documents to the government,

which enables targeted searches of documents from any particular producing entity; (3) an index of 190 documents that represents a sampling of documents which the government has deemed significant; and (4) schedules of individual financial transactions and activity summaries that were compiled by the FBI.

B. Future productions.

The government represents that it has made almost all of its discovery productions but that additional categories remain. One category of documents is comprised of email correspondence that was originally identified as potentially privileged by a government "filter" team which reviewed the defendants' seized email accounts. The "filter" attorney intends to return to Mr. Finn emails taken from his email account that appear to be privileged. These emails are captured in approximately 280 documents (reflecting approximately 519 pages).

A second category of documents reflects evidence related to Mr. Finn's flight to Canada, including evidence that was seized from searches of Mr. Finn in Canada. A portion of this evidence includes various electronic devices.

An additional category of documents would encompass materials that the government either recently acquired or will acquire before trial, including FBI 302 reports for any recently interviewed witnesses.

The parties anticipate that the government will complete production of discoverable items within its possession by January 31, 2019. Because the government's investigation and trial preparation are ongoing, it reserves the right to make supplemental productions of newly acquired documents pursuant to Fed. R. Crim. P. 16(c).

CASE-MANAGEMENT SCHEDULE

The parties have agreed to and propose the following relevant dates:

March 31, 2019: Mr. Finn has requested disclosure of discovery under Rule 16(a)(1)(E), and the government has requested reciprocal discovery. If the government complies with defendant's discovery requests, defendant shall disclose all documents, objects, and reports of examination required under Rules 16(b)(1)(A) and (B) of the Federal Rules of Criminal Procedure by March 31, 2019. On or before March 31, 2019, the defendant will provide notice of any defenses pursuant to Rule 12 of the Federal Rules of Criminal Procedure.

March 31, 2019: All parties will provide their initial round of expert disclosures as required under Rules 16(a)(1)(G) and (b)(1)(C) of the Federal Rules of Criminal Procedure (the parties may designate rebuttal experts by April 30, 2019).

June 4, 2019: All parties will file pretrial motions. The opposing party shall have up to and including June 18, 2019 to respond. The parties will disclose any summaries, charts, demonstratives, or calculations that will be offered at trial. The parties also will identify recordings, transcripts of recordings, or portions thereof that will be offered at trial.

30 days before trial: the government will disclose any statements of witnesses under Title 18, United States Code, Section 3500 and will disclose any reports of memoranda of interviews of witnesses the government intends to call in its case-in-chief. The defendants will disclose any statements of witnesses the defendants intend to call at trial.

July 9, 2019: Calendar call. The parties will file proposed jury instructions, proposed voir-dire questions, and exhibit lists. Government counsel shall submit a copy of the government's trial brief (marked confidential) to the trial judge. The original of the government's trial brief shall be filed in open court and a copy served upon defense counsel. Defense counsel may file a trial brief. Should defense counsel elect to file a trial brief, the same shall be filed and served upon government counsel prior to the defense commencing its side of the case. Any and all plea bargaining shall be accomplished and any bargain arrived at shall be reduced to writing and

presented to the Court at or prior to the time set for calendar call. Thereafter, the change-of-plea hearing will be set at the Court's convenience.

<u>July 15, 2019 (or the closest in time trial stack)</u>: First day of jury trial.

## DUTY TO DISCLOSE INTENT TO WITHHOLD DISCLOSURE

Any party withholding the disclosure of items subject to this Joint Proposed Complex Case Schedule will provide notice to the other party of the intent to withhold disclosure and describe the nature of the item and the basis for withholding disclosure.

## LIMITATIONS

The parties agree that the disclosure deadlines set forth above apply to those objects, documents, items, and other disclosure matters that are in the possession, custody, or control of the parties at the time that the obligation to disclose arises. Nothing in this agreement is intended to relieve either party of the continuing duty to provide disclosures up to and through trial as to any matters required to be disclosed by statute, rule, or the U.S. Constitution. Further, nothing in this agreement is intended to limit, or in any way affect, the determination of admissibility of evidence at trial or otherwise restrict or expand the remedies available to the Court for any breach of any disclosure obligations as set forth in Rule 16(d).

/s/ Anna Kaminska
ANNA G. KAMINSKA
BLAKE C. GOEBEL
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section

/s/ Dustin Marcello
DUSTIN R. MARCELLO
Counsel for defendant Sean Finn

<u>ORDER</u>

IT IS SO ORDERED this 9th day of January, 2019

_____
UNITED STATES MAGISTRATE JUDGE

NICHOLAS TRUTANICH
United States Attorney
District of Nevada

ANNA G. KAMINSKA
BLAKE C. GOEBEL
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 307-0321
Anna.Kaminska@usdoj.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) 2:13-cr-00439-LDG-VCF-4 |
| vs. | ) CERTIFICATE OF SERVICE |
| SEAN FINN, | ) |
| Defendant. | ) |

I hereby certify that this pleading was filed with the Clerk of Court via ECF and will be served electronically via ECF upon all parties that have entered their appearances in this case.

Dated: January 8, 2019

/s/ Anna Kaminska
ANNA G. KAMINSKA
Trial Attorney
U.S. Department of Justice
Criminal Division, Fraud Section