UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>vs.<br><br>SEAN FINN,<br><br>         Defendant. | Case No. 2:13-cr-00439-KJD-VCF-4<br><br>**REPORT AND RECOMMENDATION**<br><br>Motion to Dismiss [ECF No. 447] |

Before the Court is Defendant Sean Finn's Motion to Dismiss Counts 6-10.[1] (ECF No. 447). For the reasons discussed below, Defendant's motion should be denied.

**BACKGROUND**

Defendant is charged with several counts of wire fraud and securities fraud, and one count of conspiracy to commit wire fraud and securities fraud. (ECF No. 1). The indictment alleges that Defendant, and several other Defendants,

> provided investors with investment contracts titled "joint venture agreements" or "financial services agreements" and induced investor to part with money by promising that Malom Group AG would contribute its own money to profitable "joint ventures" with investors, when in fact the defendants did not intend to contribute any of Malom Group AG's money to a joint venture.

(*Id.* at 5-6).

Defendant now moves to dismiss the securities fraud charges against him. (ECF No. 447 at 3). Defendant argues that the joint venture agreements were not investment contracts because "the money

---

[1] The title of the motion to dismiss mentions Counts 6-10 (ECF No. 447 at 1), which are wire fraud charges (ECF No. 1 at 9-11). However, within the motion to dismiss, Defendant "contends that the securities fraud charges against him should be dismissed." (ECF No. 447 at 3). Defendant does not discuss why the wire fraud charges against him should be dismissed, except passing references related to his securities arguments. Therefore, the Court interprets the motion to dismiss to relate to Counts 18 and 20-22. (ECF No. 1 at 12, 14-15).

1

paid by the clients was a fee for services and not an investment. The fee was to be paid in exchange for access to Malom's funds, network, and for the opportunity to pitch future investment ideas to Malom." (*Id.* at 5).  "[T]here was no expectation of profit in the contract between [Defendant] and the clients because the money paid to [Defendant] was a fee for services rendered, and not an investment." (*Id.* at 7).  In response, the Government asserts that "defendant and his co-conspirators induced the victims to sign investment contracts called 'joint-venture agreements' in which they misrepresented that Malom had large account balances abroad that it would contribute towards the purported joint venture." (ECF No. 460 at 2).  The Government argues that the indictment contains adequate detail for the securities fraud charges and the question of whether the joint venture agreements are investment contracts should be decided by a jury. (*Id.* at 4, 7-11).

**ANALYSIS**

"In judging the sufficiency of the indictment we look to 'whether the indictment adequately alleges the elements of the offense and fairly informs the defendant of the charge, not whether the Government can prove its case.'" *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016) (quoting *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982)).  "A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (internal citations omitted).

Under 18 U.S.C. § 78j(b), it is unlawful to use "any manipulative or deceptive device" "in connection with the purchase or sale of any security."  "Security" is defined to include investment contracts.  18 U.S.C. § 78c(a)(10).  The definition for investment contracts requires "(1) an investment of money (2) in a common enterprise (3) with an expectation of profits produced by the efforts of others." *Warfield v. Alaniz,* 569 F.3d 1015, 1020 (9th Cir. 2009) (quoting *SEC v. Rubera,* 350 F.3d 1084, 1090 (9th Cir. 2003).

The Court finds that the indictment adequately alleges securities fraud charges against Defendant. The indictment alleges that Defendant "provided investors with investment contracts titled 'joint venture agreements' or 'financial services agreements'…promising that Malom Group AG would contribute its own money to profitable 'joint ventures' with investors." (ECF No. 1 at 5-6). These allegations fulfill the elements required for an investment contract. The indictment gives specific examples of these alleged investment contracts. (*Id.* at 12-14). Defendant's argument would require the Court to definitively interpret the language of the joint venture agreements, which is not appropriate during a motion to dismiss. "[T]he question whether a given investment opportunity constitutes a security is ordinarily a question for the jury." *United States v. Morse*, 785 F.2d 771, 775-76 (9th Cir. 1986); *see also United States v. Carman*, 577 F.2d 556, 562-63 (9th Cir. 1978) ("characterization of a transaction raises questions of both law and fact…as resolved by the factfinder").

ACCORDINGLY, and for good cause,

IT IS RECOMMENDED that Defendant's Motion to Dismiss Counts 6-10 (ECF No. 447) be DENIED.

DATED this 8th day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE