**MOT**
DUSTIN R. MARCELLO, ESQ.
Nevada Bar No. 10134
**PITARO & FUMO, CHTD.**
601 Las Vegas Boulevard
Las Vegas, NV 89101
Phone (702) 474-7554 Fax (702) 474-4210
Email: kristine.fumolaw@gmail.com/ dustin.fumolaw@gmail.com
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
**\*\*\***

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No.   2:13-CR-439-KJD-VCF |
|       Plaintiff, | |
| vs. | **MOTION TO DISMISS FOR** |
| | **SELECTIVE PROSECUTION** |
| **SEAN FINN**, | |
|       Defendant. | |

COMES NOW the defendant, SEAN FINN, by and through his attorney of record, DUSTIN R. MARCELLO, Esq., of the law firm, PITARO & FUMO, Chtd. hereby files this Motion to Dismiss for Selective Prosecution.

This motion is based on the attached Memorandum of Points and Authorities together with the pleadings and papers on file herein and any argument, testimony and evidence that may be presented at the hearing on this Motion.

DATED this 3rd day of October, 2019.

Respectfully submitted,

**PITARO & FUMO, CHTD.**

**/s/ DUSTIN R. MARCELLO**
Dustin R. Marcello, Esq.
Nevada Bar No. 10134

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE CASE

#### A.  Procedural History

On December 11, 2013, a Grand Jury returned a Twenty-Four Count Indictment ("Indictment") charging Sean Finn ("Finn") with the following:

- One (1) count of Conspiracy to Commit Wire Fraud and Securities Fraud in violation of 18 U.S.C. §371.

- Five (5) counts of Wire Fraud in violation of 18 U.S.C. §1343.

- Four (4) counts of Securities Fraud in violation of 15 U.S.C. §§78j(b) and 17 C.F.R. §240.10b-5

Criminal Indictment, ECF No. 1.

A calendar call is scheduled for January 21, 2020, and a jury trial is currently set for January 27, 2020. Finn, however, contends that he was subject to selective prosecution.

Accordingly, this motion to dismiss follows.

#### B.  Statement of Facts

The charges in this case arise from a series of Joint Venture Agreements that were entered into between April 2010 and September 2011. The agreements were between a Switzerland-based investment firm called Malom Group AG ("Malom") and roughly 14 of their customers (the alleged victims). The defendant, Finn, was the sole owner of a limited liability company known as M. Dwyer LLC. Finn was a middle-man responsible for linking together investment firms, including Malom, with potential clients, including those named in the complaint.

The clients named in the complaint came to Finn looking for investors for an opportunity involving treasury bonds. Finn introduced the clients to Malom acting as a broker.

Finn was not the only person acting as a broker for Malom. Cheryl Robinson ("Robinson"), Myra Foster ("Foster"), and Antoinette Hardstone ("Hardstone") all attracted clients to the Malom Group. Robinson was a broker for Malom. (*See* DOJ_ SECINTERVIEW _0000020). Foster was an investment manager who asked her client, one of the alleged victims in this case, William Billingsley ("Billingsley"), to invest in the treasury deal with Malom. (*See* DOJ_SECINTERVIEW_00000026). Finally, Hardstone owned the escrow company Malom utilized during their transactions. The initial complaint filed by Debra Mitman ("Mitman") named Hardstone as one of the members defrauding her of money. None of the three women acting for Malom, in a similar manner to Finn, were charged in this case.

## ARGUMENT

To establish a claim for selective prosecution the defendant must show a discriminatory effect and purpose. *United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018). This is done when the defendant is able to show that others similarly situated to the defendant have not been prosecuted and the discriminatory prosecution was based upon an impermissible motive. *United States v. Ness*, 652 F.2d 890, 892 (9th Cir. 1981). Evidence of discrimination can include similarly situated defendants that could have been prosecuted but were not. *United States v. Turner*, 104 F.3d 1180, 1184 (9th Cir. 1997).

### A.  FINN WAS SIMILARLY SITUATED TO MULTIPLE POSSIBLE DEFENDANTS WHO WERE NOT PROSECUTED.

Defendants are similarly situated when circumstances present no distinguishable, legitimate prosecutorial factors that would justify different prosecutorial decisions regarding each individual. *United States v. Ford*, No. 3:14-cr-00045-HZ, 2016 U.S. Dist. LEXIS 111243, at *12 (D. Or. Aug. 22, 2016). The goal of identifying similarly situated people is to isolate the factor

subject to the impermissible discrimination. *United States v. Aguilar*, 883 F.2d 662, 706 (9th Cir. 1989).

Finn is similarly situated to all three women who worked with Malom. None of these women were prosecuted in this case. Hardstone is implicated by almost every investor in this alleged scheme but she was not named as a co-conspirator. She had civil cases filed against her as a result of mishandling escrows as well as administrative complaints filed against her. One of the alleged victims in this case even voiced his dismay that Hardstone had not been arrested. (*See* FBI Email – 00000695). According to that alleged victim, Hardstone was the one who sent the victim's money to Malom. This is the exact same type of behavior Finn is alleged to have engaged in and yet only Finn was indicted.

Just like Finn, Robinson acted as a broker for Malom. (*See* DOJ_ FBIINTERVIEW _00000702 (9-17-2012)). Robinson directed potential investors to Brandel and then set up the wire transfers handled by Hardstone. (*See* DOJ_SECINTERVIEW _00000012). Just like Finn, she had a history as a mortgage broker. Robinson received a fee for those clients she referred to Malom. She earned almost $300,000 working for Malom. (*See* DOJ_SECTESTIMONY _00001548, Pg. 304). The indictment alleged Finn earned money from working with Malom. Robinson and Finn both allegedly earned money working with Malom and both are believed to be brokers. The only difference between the two is Finn was indicted for his interactions with Malom while Robinson was not.

Finally, Foster was the last woman alleged to have worked with Malom not indicted in this case. She was the one for responsible for one of Billingsley's interactions with Malom. (See SEC Report). She worked as his investment manager and asked Billingsley to invest in the treasury deal with Malom. (*See* DOJ_SECINTERVIEW_00000026). She attracted Billingsley to the

opportunity and as his investment manager, he depended on her for advice. During the Grand Jury Proceedings, SA Tierney testified that Finn was the one to involve Billingsley, not Foster as noted in all the reports. (*See* DOJ_Finn_0006578). The Government mischaracterized Finn's involvement while lessening Foster's. Foster was the reason Billingsley was working with Malom. However, unlike Finn, Foster was also never charged in this case.

All three women acted similarly to Finn when interacting with Malom. Just as Finn is alleged to have done the women brought clients to Malom, handled the money during transactions, and in one case even having the same job title, a broker, as Finn. During the Grand Jury Finn was alleged to have not paid taxes to show his state of mind. Even if all three women paid taxes, there is no real difference between their actions and Finn's. All their actions with Malom mirrors Finn's actions. Additionally, Finn paid the IRS $100,000 in effort to offset the cost of his taxes. To state that Finn did not pay any money to the IRS would be misleading. Just as Finn did, the money all interacted with Malom and worked with its eventual clients. As such Finn is similarly situated to all three women who were not prosecuted in this case.

**B.  FINN'S PROSECUTION WAS BASED ON AN IMPERMISSBLE MOTIVE.**

When the government bases their selection on race, religion, or some other arbitrary standard it is acting with an impermissible motive. *United States v. Steele*, 461 F.2d 1148, 1151 (9th Cir. 1972). In *United States v. Steele*, the defendant was exercising his first amendment rights and was charged with refusing to answer questions on a census form. *Id*. At least six other people had committed the same offense and were not charged. *Id*. As the Government should have been aware of those other six people refusing to fill out the census, there was evidence of purposeful discrimination. *Id*.

The only real difference between Finn and the three women involved in this case is that Finn is a man. Each person indicted in this case is male. The Government was aware of the involvement of Foster, Hardstone, and Robinson with Malom. Each woman had some responsibility for the alleged victim's interactions with Malom and so were reported to the Government in their roles for Malom. That it was Foster's idea to invest Billingsley's money is noted in an SEC report. In an interview with that client with the SEC agent the client told the agent of Foster's involvement. Another alleged victim's initial complaint to the FBI noted that it was Hardstone holding her money for Malom. One of the alleged victims contacted the SEC agent about Hardstone's involvement and the fact she was not charged in this case. Robinson was even interviewed by the SEC. The Government was aware of their involvement but chose not to prosecute any of them in this case. Charging Finn because he was the only male broker for Malom would mean the Government acted with an impermissible motive when choosing to prosecute only Finn.

**<ins>CONCLUSION</ins>**

Despite, there being three women acting in the same role as Finn for Malom none of these women were prosecuted. As they are similarly situated to Finn and the government had no permissible motive to refrain from charging them, Finn respectfully requests this Court the counts against him because of selective prosecution.

DATED this 3rd day of October, 2019.

Respectfully submitted,

**PITARO & FUMO, CHTD.**

**<ins>/s/ DUSTIN R. MARCELLO</ins>**
Dustin R. Marcello, Esq.
Nevada Bar No. 10134

1
2
3

**<u>CERTIFICATE OF SERVICE</u>**

4      I hereby certify that on the 3rd day of October, 2019. I did serve the forgoing motion

5 through electronic service by filing in the EFCF system.

6      Anna Kaminska      Anna.Kaminska@usdoj.gov

7
                                    An Employ of PITARO & FUMO, CHTD.
8

9
                                    /s/Kristine Tacata_____
10                                    Kristine Tacata – Paralegal

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28