NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada

ANNA G. KAMINSKA
BLAKE C. GOEBEL
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 307-0321

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| United States of America,<br><br>      Plaintiff,<br><br>vs.<br><br>SEAN FINN,<br><br>      Defendant. | 2:13-cr-00439-KJD-VCF-4<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR SELECTIVE PROSECUTION |

      The government respectfully submits this response in opposition to defendant's successive motion to dismiss, which alleges that the Indictment should be dismissed for selective prosecution (Dkt. #503). Defendant argues that because three "similarly situated" women whose names appear in the investigation were not also charged with fraud, the government improperly singled him out for prosecution because he is a man. Defendant fails to meet the demanding standard to show both a discriminatory purpose and a discriminatory effect relating to his charges, and there are none. The individuals he identifies were not similarly situated to him in the scheme, and his unsupported claim to the contrary does nothing to upset the presumption of regularity that attaches to the government's charging decision in this case. Accordingly, defendant's motion should be denied.

**ARGUMENT**

A "presumption of regularity" underlies prosecutorial decisions, and "in the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties." *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14–15 (1926). "In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (internal quotation marks omitted); *accord United States v. Arenas-Ortiz*, 339 F.3d 1066, 1068 (9th Cir. 2003). The requirements for a selective-prosecution claim are based upon "ordinary equal protection standards." *Armstrong*, 517 U.S. at 465. Accordingly, a defendant must demonstrate that the prosecutor's decision to charge him "had a discriminatory effect and that it was motivated by a discriminatory purpose." *Id.* To establish a discriminatory effect based upon gender in particular, a defendant must show that similarly situated individuals of a different gender were not prosecuted. Defendant fails to meet this high burden here.

As a factual matter, defendant misconstrues the respective roles of the three women he alleges were "similarly situated" to him in the scheme. According to the evidence, A.H. was the escrow officer whom defendants used to accept the victims' funds after they pitched these victims on their fraudulent deals. Defendants then directed A.H. to disburse the victims' funds from escrow for their own personal benefit, with A.H. keeping a small percentage as a fee. Unlike defendant, A.H. was not a broker for Malom; she did not recruit new victims; she did not lure victims into sending Malom money based upon any purported Joint-Venture Agreements backed by forged Proofs of Funds; and she did not misrepresent to victims that Malom would issue refunds if the fictitious deals ever failed to materialize. Given A.H.'s role in the charged scheme, which primarily involved moving money for defendants, she is not similarly situated to defendant, who

interacted with the victims directly by making false statements to induce them to invest, sending them fraudulent investment contracts and bank statements, and then lulling them to avoid law-enforcement scrutiny.

Moreover, according to the evidence, M.F. was involved in introducing victim W.B. to Malom, while C.R. acted as a broker with respect to additional victims, but both women were far less prolific than defendant. Based upon the co-conspirators' own accounting during the scheme, M.F. earned only approximately $150,000, and C.R. earned under $300,000. Defendant, on the other hand, was more active in luring victims to the scheme and earned substantially more money in comparison—at least $830,000 based upon bank records. In addition, defendant continued his fraudulent conduct in lulling his victims well into 2013, long after M.F. and C.R. had ceased contact with their victims in the scheme. Under these circumstances, defendant is not similarly situated to M.F. and C.R. given their comparatively minor roles and, thus, he cannot show any discriminatory effect.

Additionally, defendant does not demonstrate an improper purpose—let alone a discriminatory one—underlying his charges, and none exists. The Indictment charging him as a participant in this scheme is rooted in evidence that he, together with his co-conspirators, actively recruited victims to invest money based upon misrepresentations about Malom's ability to close deals, fund joint ventures with hundreds of millions of dollars in liquid assets, and issue refunds of money, all of which resulted in him profiting substantially from the scheme. None of these considerations relates in any way to his gender.

In order to override the presumption that a prosecutor has not violated equal protection, defendant is required to present "clear evidence" showing a discriminatory purpose and a discriminatory effect in his charges. Defendant does not meet that high burden here. Not only are his comparisons to the named three women inaccurate, the evidence shows that several other male

brokers participated in the scheme—including ones that defendant personally identified to the Securities and Exchange Commission during its investigation in this matter—and none of them was charged either. On these facts, defendant fails to demonstrate that "the administration of a criminal law is directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive that the system of prosecution amounts to a practical denial of equal protection of the law." *Armstrong*, 517 U.S. at 464–65 (internal quotation marks omitted). *Cf. id.* at 470 (rejecting selective-prosecution claim based upon allegation that African-American persons were singled out for prosecution for crack offenses, because claimants failed to show that individuals of other races could have been prosecuted for offenses for which the defendants were charged but were not so prosecuted); *United States v. Barajas-Barajas*, 51 Fed. App'x 258, 259 (9th Cir. 2002) (denying request for discovery to support claim of gender-discrimination in illegal-reentry prosecution, holding that "[t]he fact that almost all of the individuals selected for interviews and prosecution . . . are Hispanic men and the fact that there is some, unspecified number of non-Hispanic and female Hispanic aliens who are eligible, but are not prosecuted, does not show either a discriminatory effect or a discriminatory intent," because such a result is still consistent with the non-discriminatory exercise of prosecutorial discretion).

## **CONCLUSION**

Because defendant cannot show "clear evidence" that the charges against him reflect either a discriminatory purpose or effect, he fails to dispel the strong presumption that the government properly discharged its official duties in this case. Accordingly, his motion to dismiss the Indictment for selective prosecution should be denied.

Respectfully Submitted,

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada

4

ROBERT ZINK
Chief, Fraud Section
U.S. Department of Justice

By: /s Anna Kaminska
ANNA G. KAMINSKA
BLAKE C. GOEBEL
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20530
(202) 307-0321

1  NICHOLAS A. TRUTANICH
   United States Attorney
2  District of Nevada

3  ANNA G. KAMINSKA
   BLAKE C. GOEBEL
   Trial Attorneys
4  U.S. Department of Justice
   Criminal Division, Fraud Section
5  1400 New York Avenue, N.W.
   Washington, D.C. 20530
6  (202) 307-0321

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

-oOo-

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:13-cr-00439-LDG-VCF-4 |
| vs. | ) | CERTIFICATE OF SERVICE |
| SEAN FINN, | ) | |
| Defendant. | ) | |

I, the undersigned, hereby certify that this pleading was filed with the Clerk of Court via ECF and will be served electronically via ECF upon all parties who have entered their appearances in this case.

Dated: October 17, 2019

__/s_____
Anna G. Kaminska
Trial Attorney
U.S. Dept. of Justice

6