**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SEAN FINN,<br><br>　　　　　　Defendant. | 2:13-cr-00439-KJD-VCF<br><br>**Report and Recommendation**<br><br>**-and-**<br><br>**Order**<br><br>MOTION TO DISMISS FOR SELECTIVE PROSECUTION [ECF NO. 503]; MOTION FOR EXTENSION OF TIME [ECF NO. 505] |

Before the Court are defendant Sean Finn's motion to dismiss for selective prosecution and motion for extension of time to file his reply in support of his motion to dismiss. (ECF Nos. 503 and 505). On December 2, 2019, the Court held an evidentiary hearing on defendant's motion to dismiss and held a hearing on defendant's motion for an extension of time. Defendant's motion for an extension of time to file his reply (ECF No. 505) is granted. Defendant's motion to dismiss for selective prosecution (ECF No. 503) should be denied.

**I.　　Background**

The government charged Sean Finn with one count of conspiracy to commit wire fraud and securities fraud in violation of 18 U.S.C. §371; five counts of wire fraud in violation of 18 U.S.C. §1343; and four counts of securities fraud in violation of 15 U.S.C. §§78j(b) and 17 C.F.R. §240.10b-5. (ECF No. 1). A jury trial is currently set for January 27, 2020. (ECF No. 495).

1

Finn argues in his motion to dismiss that he was similarly situated to three women who were not prosecuted. (ECF No. 503 at 3). Finn argued at the evidentiary hearing that only one of the three women was similarly situated to Finn and that the other two women were similarly situated to his male co-defendants. Finn argues that the government decided to prosecute him, and not the three women, because he is male. (ECF No. 503 at 5). According to Finn, he was a middle-man responsible for linking together a Switzerland-based investment firm with 14 customers (the alleged victims). (*Id.* at 3). Finn alleges that the three unindicted women all similarly acted to link together the alleged victims with the same investment firm. (*Id.*)

The government argues that the three women were not similarly situated because: (1) one of the women did not act as a broker for the investment firm like Finn; (2) the women earned only a fraction of what Finn earned during the scheme; and (3) Finn continued his fraudulent conduct long after the two women ceased. (ECF No. 504 at 2-3). The government also argues that there were male brokers who were involved in the scheme that prosecutors did not charge. (*Id.* at 3-4).

Finn argues in his motion for an extension of time that there are several documents he wishes to share with the Court in support of his reply but that it would take time to put together the exhibits. (ECF No. 505 at 2). Finn requested an extension until November 1, 2019. (*Id.*) The government did not oppose Finn's request for an extension. Finn did not file his reply until November 22, 2019; he references several exhibits in the reply, but he did not attach any exhibits. (ECF No. 505). Exhibits were admitted at the evidentiary hearing.

Finn argues in his reply that the government presented false evidence to the grand jury, which demonstrates that it focused on prosecuting Finn while ignoring the three women. (ECF No. 508 at 5). Finn argues that SA Tierney incorrectly told the grand jury that Finn was the source of the high yield

2

investment pitches, and that Tierney should have been aware that the women were the source of the high yield investment pitches. (ECF No. 508 at 5).

**II.     Discussion**

"To establish a claim of selective prosecution, a defendant must show both discriminatory effect and discriminatory purpose." *United States v. Sellers*, 906 F.3d 848, 852 (9th Cir. 2018); citing to *United States v. Armstrong*, 517 U.S. 456, 465 (1996) ("The requirements for a selective-prosecution claim draw on "ordinary equal protection standards.").  A prosecutor's discretion is "subject to constitutional constraints*." United States v. Batchelder*, 442 U.S. 114, 125 (1979). A decision to prosecute may not be based on, "an unjustifiable standard such as race, religion, or other arbitrary classification," *Oyler v. Boles*, 368 U.S. 448, 456, 7 L. Ed. 2d 446, 82 S. Ct. 501 (1962); ."); see also *Yick Wo v. Hopkins*, 118 U.S. 356, 374, 6 S. Ct. 1064, 1073 (1886)(Invalidating an ordinance that prohibited the operation of laundries in wooden buildings because authorities had denied the applications of 200 Chinese subjects for permits to operate laundries in wooden buildings, but granted the applications of 80 individuals who were not Chinese subjects to operate laundries in wooden buildings "under similar conditions.")

"[T]o dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present 'clear evidence to the contrary.'" *United States v. Armstrong*, 517 U.S. 456, 465, 116 S. Ct. 1480, 1486 (1996); citing to *United States v. Chemical Foundation, Inc.*, 272 U.S. 1, 14-15, 71 L. Ed. 131, 47 S. Ct. 1 (1926)("[I]n the absence of clear evidence to the contrary, courts presume that [prosecutors] have properly discharged their official duties."); see also *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 489, (1999)("[A] selective prosecution claim is a *rara avis* [rare bird]…[T]he standard for proving them is particularly demanding, requiring a criminal defendant to introduce "clear evidence" displacing the presumption that a prosecutor has acted lawfully."

At the hearing, Finn presented arguments regarding his late reply. The Court finds that Finn showed good cause for the filing his reply late. The Court considered the evidence that Finn referenced in the reply when considering the motion to dismiss.

At the hearing, Finn presented documentary evidence, which included the December 11, 2013 grand jury transcript regarding agent Gene Tierney's testimony before the grand jury (ECF 512-1); FBI, SEC, and DOJ interviews of witnesses with attachments (ECF Nos. 512-2; 512-4; 512-6 at 28-36; and 512-7 at 2-21); email correspondence with attachments (ECF Nos. 512-3; 512-5 at 2-4; 512-6 at 1-26); court filings and transcripts (ECF Nos. 512-5 at 6-11; 512-7 at 22-31); and an FBI complaint (ECF No. 512-5 at 13).

The government presented documentary evidence, which included transcript excerpts from the court proceeding regarding Finn's co-defendant (ECF Nos. 254 at 176-177, 202-205; 253 at 80-83, 87-88; 255 at 88); email correspondence with attachments (ECF No. 511-1 at 2-3, 511-4 at 2-4; 511-7 at 2-3); evidence regarding funds Finn and/or his co-defendants received from victims (ECF No. 511-2 at 2; 511-3 at 2-5; 511-5 at 2); FBI records (511-6 at 2-5); and agreements regarding Malom (ECF No. 511-8 at 2-19); and the transcript regarding agent Gene Tierney's testimony before the grand jury (ECF 512-1).

"A discriminatory purpose implies more than intent as awareness of consequences. It implies that the decisionmaker selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." *Wayte v. United States*, 470 U.S. 598, 600, 105 S. Ct. 1524, 1527 (1985); see also *United States v. Sutcliffe*, 505 F.3d 944, 950 (9th Cir. 2007)(no selective prosecution because defendant did not introduce any evidence showing that the government prosecuted him based on unconstitutionally impermissible considerations because "to prove discriminatory purpose, a defendant must show that the government undertook a particular course of action at least in part because of its adverse effects upon an identifiable group."); but see *United States v.*

*Jones*, 399 F.3d 640, 645 (6th Cir. 2005)(finding that, "more than ample evidence supports a finding of discriminatory intent" when officers who referred case for federal prosecution "engaged in widespread racially offensive conduct", wore t-shirts with defendant's picture during his arrest, and sent a racially motivated postcard to the defendant during trial.)

      The Court finds that the Finn has not met his burden to show by clear evidence both a discriminatory effect and a discriminatory purpose. None of the evidence that Finn presented shows a discriminatory purpose based on Finn's gender. Finn alleged that Tierney presented false evidence to the grand jury. (ECF No. 508 at 2-4). Finn argued at the hearing that Tierney attributed the actions of at least one of the women to Finn. Assuming arguendo that this allegation is true, this may be evidence of a discriminatory effect, but there is no evidence of a discriminatory purpose because none of Tierney's testimony indicates that Finn's gender motivated Tierney to present false evidence.

      At the hearing, Finn argued that only one of the women was similarly situated to him, but that the other two women were similarly situated two of Finn's co-defendants. The government argued at the hearing that the term "similarly situated" is a legal term of art, and that fact that one of the women was a broker like Finn does not mean they were similarly situated because defendant Finn made significantly more money from victims than the female broker. The government also argued at the hearing that Finn never addressed the fact that the government did not prosecute several men who were allegedly involved in the scheme. Finn did not present clear evidence that similarly situated individuals were not prosecuted based on gender alone.

//

//

//

//

5

It is the defendant's burden to show by clear evidence that prosecutors acted with a discriminatory purpose based on Finn's gender. Without clear evidence to the contrary, courts presume that prosecutors have properly discharged their official duties.

ACCORDINGLY, and for good cause,

IT IS ORDERED that defendant Sean Finn's motion for an extension of time (ECF No. 505) is GRANTED.

IT IS RECOMMENDED that defendant Finn's motion to dismiss for selective prosecution (ECF No. 503) be DENIED.

DATED this 10th day of December 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE