UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| UNITED STATES OF AMERICA, | Case No. 2:13-cr-0439-KJD-VCF |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| SEAN FINN, | |
| Defendant. | |

Before the Court is Magistrate Judge Ferenbach's Report and Recommendation (ECF No. 514) that Defendant Sean Finn's Motion to Dismiss for Selective Prosecution (ECF No. 503) be denied. Finn timely objected to the recommendation (ECF No. 516), and the United States responded (ECF No. 520).

Finn is charged with conspiracy to commit wire fraud and securities fraud, five counts of wire fraud, and four counts of securities fraud in connection to his alleged involvement in a fraudulent investment scheme. Finn moved to dismiss the indictment against him, arguing that the government chose to prosecute him on the basis of his sex. Finn claims that there are at least three women, to whom he is similarly situated, that the government chose not to charge despite their similar involvement in the fraud. The government counters that Finn has not showed that he is similarly situated to those women. It also argues that there were male brokers involved in the scheme who the government also elected not to charge. The Court has conducted a de novo review of the record in this case under 28 U.S.C. § 636(b)(1) and LR IB 3-1 and finds that Magistrate Judge Ferenbach's Report and Recommendation (ECF No. 514) is neither clearly erroneous nor contrary to law. Accordingly, the Court holds that the Report and Recommendation should be **ADOPTED** and **AFFIRMED**.

Finn has not provided clear evidence that prosecutors in this case were motivated by a

discriminatory purpose. Although prosecutors enjoy broad discretion in making charging decisions, they cannot base those decisions on unjustifiable standards, such as race, religion, or other "arbitrary classification[s]." <u>Oyler v. Boles</u>, 368 U.S. 448, 456 (1962). A claim of selective prosecution requires two elements: evidence of a discriminatory effect and a discriminatory purpose. <u>United States v. Sellers</u>, 906 F.3d 848, 852 (9th Cir. 2018). A selective prosecution claim presents a high bar. Indeed, the presumption is that a prosecutor's charging decisions complied with equal protection guarantees. <u>Reno v. Am.-Arab Anti-Discrimination Comm.</u>, 525 U.S. 471, 489 (1999). Only "clear evidence" to the contrary will overcome that presumption. <u>Id.</u>

     Neither Finn's motion to dismiss, nor his objections to the Report and Recommendation, make such a showing. As Magistrate Judge Ferenbach pointed out, "[n]one of the evidence Finn presented shows a discriminatory purpose based on Finn's gender." Rep. & Rec. 5, ECF No. 514. At worst, the fact that only men were charged may be evidence of a discriminatory effect of the prosecution's charging decisions. However, that is only half the battle. Finn lacks "clear evidence" that a discriminatory *purpose* drove the prosecutor's charging decisions here. Additionally, the government's decision not to charge other men who were involved in similar work within this scheme is evidence that it did not act with a discriminatory purpose. <u>Id.</u>; Govt. Resp. 4, ECF No. 520. Therefore, as Magistrate Judge Ferenbach found, Finn has not satisfied both elements of a selective prosecution claim.

     Accordingly, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation (ECF No. 514) is **ADOPTED** and **AFFIRMED**.

     IT IS FURTHER ORDERED that Defendant Sean Finn's Motion to Dismiss for Selective Prosecution is **DENIED**.

Dated this 8th day of January, 2020.

_____
Kent J. Dawson
United States District Judge